### JOSEPH HUSTON. ADM'R. v. WILLIAM BECKNELL.

1. It may be proved by *parole* that the transcript of judgment obtained before J. P. was filed in the county court.
2. And that the cty. ct. allowed the amount of the judgment so filed.
3. The records of the cty. ct. *reciting* the transcript, may be read without producing the transcript itself.
4. A receipt given by defendant to a third person, evidence for plft. against defendant.
5. After plaintiff, who sues as adm'r., states that he has closed his evidence, and defendant recovers for a non suit because letters of administration have not been read, court may permit them to be read.
6. To shew that a receipt was obtained without money paid, the defendant should be allowed *to* prove that the party to whom the receipt was given, applied at one time for a receipt and stated "that he wanted it for a particular purpose, and that the money had been paid to another person"—the witness knowing of no money paid.

APPEAL from the circuit court of Saline county.

Opionion of the court delivered by TOMPKINS, J.

Huston as administrator of Samuel Brownjohn, sued Becknell before a justice of the peace, where having obtained judgment, Becknell appealed to the circuit court. In that court Huston again obtained a judgment, and to reverse it Becknell appeals to this court.

On the trial of this cause in the circuit court, Huston produced Claiborn F. Jackson, a witness, and asked him whether he did not file with the county court of Saline county, a transcript of a judgment obtained by Jackson & Co. in the court of William Becknell, a justice of the peace, against Samuel Brownjohn. Becknell objected to the answering of the question and the court overruled his objection: an affimative answer was given. Huston then asked whether the county court did not allow the amount of the judgment to Jackson & Co. Becknell objected, but the court overruling him, the witness answered affirmatively, Huston then offered as evidence of the said order of allowance, a transcript from the Records of

It may be proved by *parole* that the transcript of judgment obtained before J. P. was filed in the county court.

And that the cty. ct. allowed the amount of the judg't so filed.

The records of the cty. ct. *reciting* the transcript, may be read withour pro-

MAY TERM
1835.

Huston Adm'r.
v.
Becknell.

ducing the trans-
cript itself.
A receipt given
by defd. to a third
person, evidence
for plff. against
defendant.

After plff., who
sues as adm'r.,
states that he has
closed his evi-
dence, and defd.
recovers for a non
suit because let-
ters of administra-
tion have not been
read, court may
permit them to be
read.
To shew that a re-
ceipt was obtain-
ed without money
paid, the defd.
should be allowed
to prove that the
party to whom the
receipt was given,
applied at one
time for a receipt
and stated "that
he wanted it for a
particular purpose
and that the mo-
ney had been paid
to another person"
----the witness
knowing of no mo-
ney paid.

the county court reciting the transcript of the judgment before the justice, but the transcript itself was not produced, to the admission of which Becknell objected and was overruled. This transcript being read Huston gave in evidence a writing purporting to be a receipt of Becknell, in these words: "Received of Charles H. Veeder thirty seven dollars and fifty cents in full of a judgment on my docket against Samuel T. Brownjohn in favor of C. F. Jackson & Co."          (signed)

WILLIAM BECKNELL."

The reading of which was also opposed, but it was read. Huston then proved by Jackson who was one of the firm of Jackson & Co., that he had never received from Becknell the sum of money in the receipt specified, and also proved that he had received from Huston the amount of the allowance above-mentioned to have been to Jackson & Co. by the county court of Saline county, and that Jackson & Co. never had any other claim against Brownjohn; here Huston told the court his evidence was closed: Becknell then moved the court to instruct the jury to find for the defendant, as in case of a non suit, because Huston had given no evidence of his being administrator of Brownjohn.

The court correctly permitted Huston to introduce his letters of administration. No injury was thereby done to Becknell. Becknell then offered to read in evidence the deposition of a witness to this effect, that about the time of the date of the receipt one Charles H. Veeder, attorney at law and counsel of Brownjohn in the action brought by Jackson & Co. against him, applied to Becknell for a receipt in behalf of his client for the amount of that judgment, stating that he had paid the money to Jackson & Co., and that it was merely to satisfy his client who was a curious old man and had fallen out with him. Witness knew of no payments made to Becknell by either Veeder or Brownjohn, and heard Becknell tell Veeder that he could not credit the docket without a receipt from Jackson and company.

The court would not permit him to read the deposition to the jury.

This evidence offered by Becknell himself, though weak, was competent, and connected with other which perhaps he might have been able to find, might have been of service to him. The court should have permitted him to read his deposition. But we can see no reason why Huston's evidence should have been excluded.

The circuit court then we think committed no error in

refusing to exclude on Becknell's motion the evidence offered by Huston; but in our opinion it did err in excluding that offered by Becknell.

Its judgment is therefore reversed and the cause remanded.